IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIRK J. BENNETT, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-15-CV-068-LY |
| | § | (Consolidated with A-15-CV-119-LY |
| WILLIAM STEPHENS, | § | and A-15-CV-120-LY) |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1), Petitioner's Brief Regarding Equitable Tolling (Document 2); Respondent's Motion to Dismiss (Document 12), and Petitioner's Response (Document 17). Petitioner, proceeding pro se, has paid the applicable filing fee. For the reasons set forth below, the undersigned finds that Petitioner's applications for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.**    **Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to three judgments and sentences of the 147th Judicial District Court of Travis County, Texas. In Cause Nos. D-1-DC-

11-205487 and D-1-DC-11-205488, Petitioner was charged by separate indictments with two counts each of burglary of a habitation with commission of theft and burglary of a habitation with intent to commit theft. In Cause No. D-1-DC-11-205489, Petitioner was charged by indictment with one count of burglary of a habitation with commission of robbery, one count of burglary of a habitation with commission of theft, and one count of burglary of a habitation with intent to commit theft. In all three cause numbers, four prior and consecutive convictions were alleged for the enhancement of punishment. In exchange for the State waiving the burglary of a habitation with commission of robbery count pursuant to a plea bargain agreement, Petitioner pleaded guilty to all remaining counts on June 6, 2012, and the trial court sentenced him to 30 years' imprisonment on each conviction to be served concurrently.

Petitioner did not directly appeal his convictions. He did, however, challenge his convictions in three state applications for habeas corpus relief. Petitioner signed his state applications on November 5, 2013. The trial court file-stamped the applications on November 25, 2013. The Texas Court of Criminal Appeals granted Petitioner relief and vacated three of Petitioner's six judgments on October 1, 2014, on the basis that, although six judgments were entered, the plea agreements only called for three convictions. Ex parte Bennett, Appl. Nos. 80,778-01, 80,778-02, 80-778-03.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner's pleas were involuntary;

2. His trial counsel was ineffective because he failed to:

   a. properly explain the various counts in Petitioner's indictments;
   b. raise double jeopardy violations;
   c. familiarize himself with Texas and Federal constitutional law;

      d.     request a competency hearing;
      e.     investigate Petitioner's medical and mental health history;
      f.     present witnesses or mitigating evidence;
      g.     communicate with Petitioner about the case; and
      h.     challenge the indictments.

## II.  DISCUSSION AND ANALYSIS

**A.   Statute of Limitations**

Respondent moves to dismiss Petitioner's federal applications as time-barred. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.   Application**

Petitioner's convictions became final, at the latest, on July 6, 2012, at the conclusion of time during which he could have appealed his convictions. See TEX. R. APP. P. 26.2(a). Therefore,

Petitioner had until July 6, 2013, to timely file his federal applications. Petitioner did not execute his federal applications for habeas corpus relief until January 22, 2015, well after the limitations period had expired. Petitioner's state applications did not operate to toll the limitations period, because they were considered filed on November 5, 2013, after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner argues he is entitled to statutory tolling because a state-created impediment existed. According to Petitioner, he wrote to the Travis County District Clerk's Office to inquire about his convictions, and he was never told he had six convictions. Instead, he states the Clerk's Office "consistently maintained [he] had three (3) convictions for Burglary." Fed. Writ Pet. at 9. Petitioner alleges that such failure to "properly advise [him] that [he] had six (6) convictions" constitutes a state-created impediment. Id. Respondent points out Petitioner contradicts this statement in his affidavit attached to his federal petition when Petitioner states Travis County "did NOT respond to" his inquiries about his convictions. As explained by Respondent, Petitioner's allegations are insufficient to constitute an impediment, and even if Travis County failed to notify him of his six convictions, this did not prevent Petitioner from timely filing his federal petition.

Petitioner also attempts to argue the limitations period did not begin to run until he received notice on July 1, 2013, from the Staff Counsel for Offenders that he had six burglary convictions. Respondent counters that Petitioner is confusing his knowledge of the factual predicate of his claim with his purported proof thereof. As explained by Respondent, Petitioner knew or could have known through the exercise of due diligence that six judgments were entered in his case on the day he

pleaded guilty. Thus, his claims were discoverable by the time his convictions became final on July 6, 2012.

Petitioner also is not entitled to equitable tolling. The AEDPA's statute of limitations is subject to equitable tolling in proper cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653. The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a showing of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period);

Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted. See Tiner v. Treon, 232 F.3d 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling). Petitioner also did not diligently pursue relief.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's applications for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petitions on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of July, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE